1

2

3

4

5

6

7

8     UNITED STATES DISTRICT COURT

9     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LANCE WILLIAMS,                          No.  2:22-cv-0514 KJN P

12            Plaintiff,

13      v.                                    ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   R. PARRELLS,

15            Defendant.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks leave to proceed

19   in forma pauperis.  However, as plaintiff sustained at least three "strikes" prior to filing this

20   action, and the undersigned finds plaintiff fails to demonstrate he was in imminent danger of

21   serious physical injury at the time he filed this action on March 21, 2022, it is recommended that

22   plaintiff be required to pay the $402.00 filing fee before he may proceed with this action.

23   II.  Governing Standards

24        The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

25   the commencement and prosecution of any suit without prepayment of fees by a person who

26   submits an affidavit demonstrating that the person is unable to pay such fees.  However,

27            [i]n no event shall a prisoner bring a civil action or appeal a judgment
             in a civil action or proceeding under this section if the prisoner has,
28           on 3 or more prior occasions, while incarcerated or detained in any

1

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has three strikes under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a three-strikes prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  Andrews, 493 F.3d at 1057 n.11.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Where the prisoner fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed this action, he is not entitled to the privilege of proceeding in forma pauperis.  See Andrews, 493 F.3d at 1055; Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); see also Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir.1984) (being granted in forma pauperis status is a "privilege and not a right.").

1  III.  Discussion

2          Review of court records reveals that on at least three occasions lawsuits filed by the

3  plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to

4  state a claim upon which relief may be granted.  Indeed, on August 3, 2021, another magistrate

5  judge found plaintiff had sustained more than three strikes:[1]

6          1.  Williams v. Aparicio, Case No. 2:14-cv-08640-PA-KK (C.D. Cal.) (dismissed

7  February 5, 2015, as time-barred);[2]

8          2.  Williams v. Kerkfoot, Case No. 2:14-cv-07583-GW-KK (C.D. Cal.) (dismissed May

9  15, 2015, as time-barred);

10          3.  Williams v. Young, Case No. 2:14-cv-08037-PA-KK (C.D. Cal.) (dismissed May 19,

11  2015, as time-barred).

12          4.  Williams v. Paramo, Case No. 18-55319 (9th Cir.) (dismissed September 19, 2018, as

13  frivolous);

14          5.  Williams v. RJD Medical Staff Building, Case No. 18-55709 (9th Cir.) (dismissed

15  September 19, 2018, as frivolous); and

16          6.  Williams v. Navarro, Case No. 20-56163 (9th Cir.) (dismissed January 13, 2021, as

17  frivolous).

18          Subsequently, another magistrate judge noted an additional filing by plaintiff that also

19  constitutes a strike under § 1915(g):[3]  Williams v. Young, Case No. 15-55967, (9th Cir.) (ECF

20  Nos. 8 & 10 (application to proceed in forma pauperis denied because the appeal was frivolous,

21  and the case was later dismissed because prisoner failed to pay the filing fee).[4]

22  _____

23  [1]  Williams v. Corcoran State Prison, et al., Case No. 1:21-cv-1009 NONE BAM (E.D. Cal. Aug. 3, 2021).

24  [2]  See Belanus v. Clark, 796 F.3d 1021, 1024-25, 1027 (9th Cir. 2015) (affirming district court's
25  decision to count as a strike a Rule 12(b)(6) dismissal on the ground that the "thrust" of the
complaint was barred by the statute of limitations, such that a dismissal for failure to state a claim
26  could be sustained on such basis.)

27  [3]  Williams v. Vera, Case No. 1:22-cv-0096 EPG (E.D. Cal.) (ECF No. 9 at 2-3).

28  [4]  If an application to proceed in forma pauperis is denied by an appellate court because the

1    The undersigned takes judicial notice of all of the above cases.  Each of the above cases

2   were filed prior to the instant action.  The above cases demonstrate plaintiff sustained three

3   strikes under § 1915(g).

4    Imminent Danger

5    Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless

6   plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff

7   has not alleged any facts which suggest that he was under imminent danger of serious physical

8   injury at the time he filed this action.  Rather, plaintiff raises claims that on February 10, 2022,

9   defendant Parrells attempted to close plaintiff's cell door on to plaintiff, causing him to fall and

10  sustain injuries.  Plaintiff claims that on or about February 17, 2022, defendant Parrells

11  confronted plaintiff in the dining hall about plaintiff filing a grievance against defendant, telling

12  plaintiff, "we'll see if you make it home or even the court.  Yeah, I know all about you." (ECF

13  No. 1 at 4.)  While plaintiff claims that he was "placed in imminent danger of serious physical

14  injury and in a state of fear," such vague threats are insufficient to show a plausible threat of

15  imminent physical danger at the time plaintiff filed the instant action over a month later.[5]  Thus,

16  plaintiff must submit the appropriate filing fee in order to proceed with this action.[6]

---

appeal is frivolous, the case counts as a "strike" even if the appeal is not dismissed until later
when the plaintiff fails to pay the filing fee.  Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir.
2015).

[5]  General allegations of harassment, embarrassment, and defamation are not cognizable under
section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub
nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344
(9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable);
Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have
cause of action under § 1983 for being called obscene name by prison employee); Batton v. North
Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does
not state claim under § 1983).  Nor are allegations of mere threats cognizable.  See Gaut v. Sunn,
810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do
allegations that naked threat was for purpose of denying access to courts compel contrary result).

[6]  In addition, it is clear from the face of the complaint that plaintiff failed to exhaust his
administrative remedies.  The PLRA requires all prisoners to exhaust such administrative
remedies as are available.  42 U.S.C. § 1997e(a).  Proper exhaustion of available remedies is
mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands
compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford v. Ngo,

4

1   IV.  Conclusion

2          The court finds that plaintiff may not proceed in forma pauperis in this action.

3          Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign

4   a district judge to this case.

5          Further, IT IS RECOMMENDED that:

6          1.  Plaintiff's application to proceed in forma pauperis be denied; and

7          2.  Plaintiff be ordered to pay the court's $402.00 filing fee in full within thirty days from

8   the date of any district court order adopting the instant findings and recommendations.

9          These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, plaintiff may file written objections

12  with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

14  failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16  Dated:  March 25, 2022

17

18  /will0514.1915g

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27  548 U.S. 81, 90 (2006).  The Supreme Court has also cautioned against reading futility or other
exceptions into the statutory exhaustion requirement.  <u>See Booth</u>, 532 U.S. at 741 n.6; <u>Ross v.</u>
28  <u>Blake</u>, 578 U.S. 632, 639-40 (2016).