IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | Case No. 2:22-cv-00514-KJM-KJN (PC) |
| Plaintiff, | [PROPOSED] ORDER |
| v. | |
| R. PARSELLS, et al., | |
| Defendant. | |

    Plaintiff is a former state prisoner, proceeding pro se. On April 19, 2023, defendant filed motions to compel and to modify the discovery and scheduling order (ECF No. 32), as modified on February 10, 2023, and March 3, 2023 (ECF Nos. 36, 38). The scheduling order was previously modified due to various difficulties in scheduling plaintiff's deposition.

    "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

In the instant motion, counsel states he worked with plaintiff to find a deposition date compatible with plaintiff's schedule, and counsel timely and properly noticed the deposition for April 11, 2023, the date plaintiff agreed upon. On April 11, 2023, counsel and the court reporter appeared for deposition, yet plaintiff failed to appear. Counsel called plaintiff and left a voicemail inquiring whether plaintiff intended to appear, and left counsel's phone number and email address. Plaintiff did not respond. At 10:45 a.m., plaintiff still had not appeared; counsel put the deposition on the record confirming that plaintiff failed to appear. As of April 19, 2023, counsel has not received any response or correspondence from plaintiff explaining his failure to appear or to meet and confer to reschedule the deposition. (ECF No. 39 at 5.)

Federal Rule of Civil Procedure 37 permits the court to impose sanctions -- including dismissal -- on a party that fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d). Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to justify terminating sanctions. United States for Use of Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir. 1988). In addition, the "harsh sanction" of dismissal, even for "a party's repeated failure to appear for deposition," is only proper when the failure "is due to the willfulness, bad faith, or fault of the party." Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 525 (9th Cir. 1997).

Here, the nature of plaintiff's failure to appear is unclear, and the court notes plaintiff's previous cooperation with counsel in setting and re-setting the deposition as circumstances required. Thus, the undersigned finds good cause to extend the discovery deadline but will compel plaintiff's deposition. Defendant is granted sixty days in which to re-notice and complete plaintiff's deposition. Plaintiff is cautioned that failure to cooperate in the deposition and to attend and cooperate in the re-noticed deposition will result in a recommendation that this action be dismissed. The pretrial motions deadline will also be extended.

All other provisions of the prior scheduling order remain in full force and effect. The parties are cautioned that the undersigned is not inclined to further modify the scheduling order.

////

////

Accordingly, IT IS HEREBY ORDERED that defendant's motion (ECF No. 39) is granted:

1. Defendant is granted sixty days in which to re-notice and take plaintiff's deposition.

2. Plaintiff is ordered to appear for and fully cooperate with the properly noticed deposition. Plaintiff is cautioned that any failure to fully comply with this order may result in sanctions, as set forth in Rule 37(b)(2)(A), up to and including dismissal of this action with prejudice.

3. Discovery is extended for the next sixty days for the limited purposes of defendant properly noticing and taking plaintiff's deposition. In other words, plaintiff's deposition must be properly noticed, and must be completed, within sixty days from the date of this order.

4. The pretrial motions deadline is extended to August 21, 2023. All other provisions of the prior scheduling order remain in full force and effect.

Dated: April 20, 2023

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0514.16b3